UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES U. PAYNE,

        Plaintiff,

v.

SARA S. LISZNYAI, et al.,

        Defendants.

Case No. 1:21-cv-589

Hon. Hala Y. Jarbou

_____/

**OPINION**

        This is a civil rights action brought under 42 U.S.C. § 1983. The Court is required to dismiss any action brought by a plaintiff proceeding *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it both fails to state a claim and is frivolous.

**Discussion**

I.     **Factual allegations**

        Plaintiff sues Hillsdale County Judges Sara S. Lisznyai, Megan Stiverson, and Michael Smith. Plaintiff also sues "Deputy" Ethan Bednar. In his complaint initiating this action, Plaintiff does not further describe the positions of the remaining Defendants: Roderick R. Dunham, Kristina Shaneour, Neal Brady, and Wes Ludeker.

Although Plaintiff's concise complaint alleges multiple factual conclusions, the facts supporting those conclusions are scarce. Plaintiff delivers his factual allegations as a single—albeit somewhat lengthy—sentence:

> The fact's of my claim is that Hillsdale County Judge Sara S Lisznyai lied under oath and said if count's 3 and 4 comes back to her court's that she was gonna dismiss them count's as well and she lied and force me into a plea cause her and Judge Smith and Neal Brady and Roderick Dunham would'nt let me go to my pretrial conference and made me stay in jail and made a decision without my presence and Judge Smith made me pay a forfeiture bond after the case was dismiss when my belongings was suppose to be giving back to me and he would'nt let me come to my pretrial conference and Neal Brady conspire to violate my right's and Roderick Dunham conspier to violate my right's with Neal Brady and Kristina Shaneour tampered with the court transcript and court recording's and Wes Ludeker lied under oath with a perjury statement and Ethan Bednar was conspier to violate my right's and Megan Stiverson violate my 4th amendment right by conspier to cover up the violation of my 4th admendment right's by signed search warrant after I was already search and she raised my fine's out of extortion.

(Compl., ECF No. 1, PageID.2–3 (verbatim).)

Plaintiff seeks injunctive relief, compensatory and punitive damages, and fees.

## II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.  **Res judicata**

Plaintiff's claims in this lawsuit against all Defendants except Defendant Shaenour are barred by the res judicata effect of the court's decision in the *Payne v. Benzing*, No. 1:18-cv-242, 2018 WL 6488248 (W.D. Mich. Dec. 8, 2018). Plaintiff's instant complaint resembles a proposed amended complaint that he filed in *Benzing*. After reviewing the merits of the proposed amended complaint, the *Benzing* court denied Plaintiff's motion to amend the complaint because it would be futile. The court concluded that Plaintiff's claims were barred by judicial immunity (Defendants Lisznyai and Smith), prosecutorial immunity (Defendants Brady

and Stiverson[1]), and witness immunity (Defendant Ludeker), that at least one defendant was not a state actor (Defendant Dunham), that Plaintiff had made conclusory allegations of conspiracy, and that Plaintiff's proposed amended complaint lacked specific factual allegations (Defendants Stiverson and Bednar).  *Id.* at *3–5.  In the same opinion and order, the court granted Defendants' motion for judgment on the pleadings and dismissed the complaint with prejudice.  *Id.* at *6.

The doctrine of claim preclusion, sometimes referred to as res judicata, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented.  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997).  Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case.  *Allen*, 449 U.S. at 94; *accord Federated Dept Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

Plaintiff invites this Court to render a decision that would be inconsistent with the conclusions of *Benzing*.  Although Defendant Shaneour may have been in privy with the other

---

[1] At the time conduct, Defendant Stiverson was the Chief Assistant Prosecutor for Hillsdale County.  *See Benzing*, 2018 WL 6488248, at *3.

4

Defendants, Plaintiff's instant allegations do not make that clear. The *Benzing* Court dismissed Plaintiff's complaint after resolving the merits against Defendants other than Shaneour. The claims and conduct appear to be the same. Therefore, his action against all Defendants except Defendant Shaneour is barred by res judicata. *See Allen*, 449 U.S. at 94. The Court will dismiss Plaintiff's complaint against them.[2]

IV.    **Absence of Factual Allegations**

Plaintiff's only allegation related to Defendant Shaneour is that she allegedly "tampered with the court transcript and court recording[]s." (Compl., ECF No. 1, PageID.3.) Plaintiff fails to specify Defendant Shaneour's position, but given the nature of the allegation, the Court will presume at this early stage that she is a state actor. However, Plaintiff also offers no context for his allegation, no description of the purported alterations, no explanation as to how he arrived at his conclusion, and no account of his resulting injury. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, because Plaintiff demonstrates nothing more than the mere possibility that Defendant Shaenour engaged in misconduct, he fails to state a claim against her. *See id.*

V.    ***Heck* Bar**

Further, as the *Benzing* Court stated, *see* 2018 WL 6488248, at *3 n.5, Plaintiff appears to further be barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Both in

---

[2] The Court further notes that even if res judicata did not bar Plaintiff's claims, the Court would dismiss his claims for all the reasons aptly described in *Benzing*.

the earlier action and the instant action, Plaintiff alleges that Judge Lisznyai forced him into a plea. Plaintiff has not alleged that his convictions have been overturned.

Thus, to the extent Plaintiff seeks injunctive and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. at 486–87, which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646–48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations clearly call into question the validity of his conviction. He has not alleged that the conviction has been overturned by any of the enumerated methods. Therefore, in addition to the grounds discussed above for dismissing Plaintiff's claims, his allegations would be barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same). However, such a dismissal would be without prejudice. *Sampson v. Garrett*, 917 F.3d 880, 882-83 (6th Cir. 2019) (citing *Taylor v. First Am. Bank-Wayne*, 973 F.2d 1284, 1289 (6th Cir. 1992)).

VI.  **Frivolity**

An action that is barred by res judicata is legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321 (6th Cir. 2001). Plaintiff's complaint is barred by res judicata against most, if not all, Defendants. Thus, to the extent Plaintiff's complaint is barred by res judicata, the Court will further dismiss those claims as frivolous.

**Conclusion**

Having conducted the review required by 28 U.S.C. § 1915(e)(2), the Court determines that Plaintiff's complaint will be dismissed because it fails to state a claim and is frivolous. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   July 27, 2021                                   /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         UNITED STATES DISTRICT JUDGE